THOMAS, J.,
for the Court.
¶ 1. The assets of a business partnership of Johnny and Jewell Parker were divided equally after the dissolution of the partnership. Aggrieved, Johnny appeals, claiming the following issue:
*823 I. THE LOWER COURT ERRED IN DIVIDING THE PARTNERSHIP ASSETS EQUALLY RATHER THAN AWARDING THEM TO JOHNNY WITH A JUDGMENT FOR EXCESS AMOUNTS OWED TO JOHNNY BY JEWELL.
FACTS
¶ 2. Johnny and Jewell were partners in operating a machine shop known as S & J Machine Works from February of 1994 to August of 1997. The brothers made an oral agreement to operate as partners sharing equally in both costs as well as profits. They did, in fact, put up equal cash capital when the business was formed and continued to function as partners, sharing the costs and profits equally for the life of the business. However, following a disagreement about financial matters, the brothers terminated the partnership and called for a division of the assets.
¶ 3. The brothers were not able to resolve a division on their own and Johnny filed a complaint on February 10, 1998 for the dissolution, accounting and division of the assets of S & J Machine Works. The brothers each claimed that the other was guilty of some kind of mismanagement or mishandling of business funds. The Chancery Court of Alcorn County found that the partnership was “a very loosely run family business” where “[e]ach partner had full and free access to all partnership records and funds and oftentimes both used partnership funds for personal reasons.” The chancellor further held that “the honors are about even as to each party’s allegations against each other.” With this in mind, the chancellor split the assets of the business equally between Jewell and Johnny.
STANDARD OF REVIEW
¶ 4. This Court will not disturb the findings of a chancellor unless the findings were manifestly wrong, clearly erroneous or an erroneous legal standard was applied. McAdory v. McAdory, 608 So.2d 695, 699 (Miss.1992); Hill v. Southeastern Floor Covering Co., 596 So.2d 874, 877 (Miss.1992).
ANALYSIS
I. DID THE LOWER COURT ERR IN DIVIDING THE PARTNERSHIP ASSETS EQUALLY RATHER THAN AWARDING THEM TO JOHNNY WITH A JUDGMENT FOR EXCESS AMOUNTS OWED TO JOHNNY BY JEWELL?
¶ 5. Mississippi law sets the rights and duties of a partnership in Miss.Code Ann. § 79-12-35(1) (Rev.2001). The relative portion of that statute reads:
(1) The rights and duties of the partners in relation to the partnership shall be determined, subject to any agreement between them, by the following rules:
(a) Each partner shall be repaid his contributions, whether by way of capital or advances to the partnership property and share equally in the profits and surplus remaining after all liabilities, including those to partners, are satisfied; and, except as provided in Section 79-T2-29(2), must contribute toward the losses, whether of capital or otherwise, sustained by the partnership according to his share in the profits.
(b) The partnership must indemnify every partner, in respect of payments made and personal liabilities reasonably incurred by him in the ordinary and proper conduct of its business, or for the preservation of its business or property.
(e) All partners have equal rights in the management and conduct of the partnership business.
*824 Miss.Code Ann. § 79 — 12—35(l)(a), (b) and (e) (Rev.2001).
¶ 6. It has also been made clear that “[a] partner is co-owner with his partners of specific partnership property holding as a tenant in partnership,” Miss.Code Ann. § 79-12-49(1), and “[a] partner’s interest in the partnership is his share of the profits and surplus, and the same is personal property.” Miss.Code Ann. § 79-12-51 (Rev.2001).
¶ 7. With this legal standard in mind, and after a thorough review of the record, we have found no manifest error or erroneous legal standard applied by the lower court. The chancellor in the case at hand was in the best position to make a fair and equitable decision after hearing testimony from both sides of this unfortunate dispute. Therefore, we affirm.
¶ 8. THE JUDGMENT OF THE AL-CORN COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ„ CONCUR.